FILED 06 APR '21 16:28 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr-00077-IM |
| v. | SUPERSEDING INDICTMENT |
| FRANCISCO GOMEZ-RESENDIZ;<br>JONATHAN AVILA-SUAREZ;<br>JAIME ALVARADO PACHECO (a.k.a. Cocado);<br>APOLINAR PACHECO BUSTOS;<br>ALEJANDRO ROMAN VELASQUEZ AMADOR;<br>LUIS ARTURO BARAHONA RODAS (a.k.a. LUIS ALFREDO BARAHONA RODAS);<br>LUIS DANIEL ARCINIEGA GARCIA (a.k.a. LUIS DANIEL ARCINIEGAS GARCIA);<br>GIOVANNI MARTINEZ FRANCO;<br>MARTIN GUADALUPE SOLIS-ULLOA;<br>LORENA CRUZ RODRIGUEZ;<br>LILLIANA ISABELLA FINCK;<br>ROMAN VELAZQUEZ RODRIGUEZ;<br>and CHRISTIAN AVILA-SUAREZ, | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(A)(i); (b)(1)A)(iv); 843(b); 856(a) and 846<br><br>Forfeiture Allegations<br><br>**UNDER SEAL** |
| Defendants. | |

COUNT 1
(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(A)(i), 843(b), 856(a) and 846)

Beginning on an unknown date but no later than on or before the month of December 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants **FRANCISCO GOMEZ-RESENDIZ, JONATHAN AVILA-SUAREZ, JAIME ALVARADO PACHECO (a.k.a.**

Cocado), APOLINAR PACHECO BUSTOS, ALEJANDRO ROMAN VELASQUEZ AMADOR, LUIS ARTURO BARAHONA RODAS (a.k.a. LUIS ALFREDO BARAHONA RODAS), LUIS DANIEL ARCINIEGA GARCIA (a.k.a. LUIS DANIEL ARCINIEGAS GARCIA), GIOVANNI MARTINEZ FRANCO, MARTIN GUADALUPE SOLIS-ULLOA, LORENA CRUZ RODRIGUEZ, LILLIANA ISABELLA FINCK, ROMAN VELAZQUEZ RODRIGUEZ, and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, whose identities are known and unknown, to commit the following objects in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

A. **Possession with Intent to Distribute Methamphetamine**: The conspirators agreed to possess with intent to distribute 50 grams or more of actual methamphetamine its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

B. **Distribution of Methamphetamine**: The conspirators agreed to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

C. **Possession with Intent to Distribute Heroin**: The conspirators agreed to possess with intent to distribute 1 kilograms or more of a mixture or substance containing a detectible

amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

    D.    **Distribution of Heroin**: The conspirators agreed to distribute 1 kilogram or more of a substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(i).

    E.    **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

    F.    **Maintaining Drug-Involved Premises:** The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing heroin, a Schedule I controlled substance, and methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to use cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

**Superseding Indictment**                                          **Page 3**

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to use money remitting services to facilitate launder drug proceeds and facilitate payment for controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1.   On or about December 29, 2020, **ROMAN VELAZQUEZ RODRIGUEZ, FRANCISCO GOMEZ-RESENDIZ, JONATHAN AVILA-SUAREZ, LILLIANA**

**ISABELLA FINCK,** and others known and unknown to the grand jury, facilitated and arranged to distribute a substance containing a detectable amount of heroin, from **JONATHAN AVILA-SUAREZ** to **FRANCISCO GOMEZ-RESENDIZ** and **MARTIN GUADALUPE SOLIS-ULLOA.**

2. On or about December 29, 2020, **JONATHAN AVILA-SUAREZ** and **LILLIANA ISABELLA FINCK** did transport a substance containing a detectable amount of heroin to **FRANCISCO GOMEZ-RESENDIZ** and **MARTIN GUADALUPE SOLIS-ULLOA** to be stored at a premises for further distribution to other drug customers.

3. On or about December 31, 2020, **FRANCISCO GOMEZ-RESENDIZ, MARTIN GUADALUPE SOLIS-ULLOA,** and others known and unknown to the grand jury, arranged to transfer drug proceeds from **ALEJANDRO ROMAN VELASQUEZ AMADOR** to a courier for transfer to an unknown destination outside the District of Oregon at the direction of **ROMAN VELAZQUEZ RODRIGUEZ.**

4. On or about January 16, 2021, **FRANCISCO GOMEZ-RESENDIZ, JAIME ALVARADO PACHECO (a.k.a. Cocado), APOLINAR PACHECO BUSTOS,** and others known and unknown to the grand jury, arranged to transport and did transport more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine for distribution to others.

5. On or about January 16, 2021, **JAIME ALVARADO PACHECO (a.k.a. Cocado), APOLINAR PACHECO BUSTOS,** and others known and unknown to the grand jury, possessed more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine for distribution to **FRANCISCO GOMEZ-RESENDIZ, MARTIN**

**GUADALUPE SOLIS-ULLOA** and others, known and unknown to the grand jury, to be stored at a premises and distributed to drug customers in the Portland, Oregon metro area.

6. On or about February 1, 2021, **LUIS ARTURO BARAHONA RODAS (a.k.a. LUIS ALFREDO BARAHONA RODAS)** and others, known and unknown to the grand jury, arranged to transfer drug proceeds in the amount of $19,424 in U.S. currency to **ALEJANDRO ROMAN VELASQUEZ AMADOR** for transfer outside the District of Oregon, at the direction of **ROMAN VELASQUEZ RODRIGUEZ**.

7. On or about February 10, 2021, **JONATHAN AVILA-SUAREZ** and others known and unknown to the grand jury, arranged to transfer 100 grams or more of a mixture and substance containing a detectable amount of heroin to **LUIS DANIEL ARCINIEGA GARCIA (a.k.a. LUIS DANIEL ARCINIEGAS GARCIA)** and others known and unknown to the grand jury.

8. On or about February 10, 2021, **LUIS DANIEL ARCINIEGA GARCIA (a.k.a. LUIS DANIEL ARCINIEGAS GARCIA)** possessed with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin and did store the heroin at a premises for distribution to drug customers in the Portland, Oregon metro area.

9. On or about February 11, 2021, **JONATHAN AVILA-SUAREZ,** possessed with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin for distribution to drug customers in the Portland, Oregon metro area.

10. On or about February 11, 2021, **JONATHAN AVILA-SUAREZ** possessed with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of methamphetamine for distribution to drug customers in the Portland, Oregon metro area.

11.  On or about February 11, 2021, **JONATHAN AVILA-SUAREZ, LILLIANA ISABELLA FINCK,** and others known and unknown to the grand jury, possessed with intent to distribute more than 1 kilogram of a mixture or substance containing a detectable amount of heroin and did store the heroin at a premises for distribution to their drug customers in the Portland, Oregon metro area.

12.  On or about February 11, 2021, **JONATHAN AVILA-SUAREZ, LILLIANA ISABELLA FINCK,** and others known and unknown to the grand jury, possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and did store the methamphetamine at a premises for distribution to their drug customers in the Portland, Oregon metro area.

13.  On or about February 25, 2021 **GIOVANNI MARTINEZ FRANCO, LORENA CRUZ RODRIGUEZ** and others, known and unknown to the grand jury, facilitated and arranged to transport more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine for distribution to **FRANCISCO GOMEZ-RESENDIZ, MARTIN GUADALUPE SOLIS-ULLOA** and others known and unknown to the grand jury for distribution to drug customers in the Portland, Oregon metro area.

14.  On or about February 25, 2021, **GIOVANNI MARTINEZ FRANCO, LORENA CRUZ RODRIGUEZ** and others, known and unknown to the grand jury, possessed with intent to deliver more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine for distribution to **FRANCISCO GOMEZ-RESENDIZ, MARTIN GUADALUPE SOLIS-ULLOA** and others known and unknown to the grand jury for distribution to drug customers in the Portland, Oregon metro area.

///

## COUNT 2
### (Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)
### (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), 843(b), 856(a) and 846)

Beginning on an unknown date but no later than on or before the month of December 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK,** and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, whose identities are known and unknown, to commit the following objects in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

A.  **Possession with Intent to Distribute Fentanyl**: The conspirators agreed to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi).

B.  **Distribution of Fentanyl:** The conspirators agreed to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(vi).

C.  **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating

the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

   D.   **Maintaining Drug-Involved Premises:** The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to use cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-surveillance methods while driving or during the conduct of transactions, in the course of

possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to use money remitting services to facilitate launder drug proceeds and facilitate payment for controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. On or about January 28, 2021, **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK** and others known and unknown to the grand jury, facilitated and arranged to distribute a counterfeit Oxycodone pills containing detectable amounts of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance, from **JONATHAN AVILA-SUAREZ** and **LILLIANA ISABELLA FINCK** to **CHRISTIAN AVILA-SUAREZ.**

2. On or about January 28, 2021, **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK** possessed with intent to deliver approximately 2,000 counterfeit Oxycodone pills containing detectable amounts of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance.

3. From on or about February 1, 2021 to on or about February 7, 2021, **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK**, possessed with intent to deliver approximately 250 counterfeit Oxycodone pills containing detectable amounts of fentanyl ((N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance.

4. From on or about February 8, 2021 to on or about February 10, 2021, **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK** possessed with intent to deliver approximately 250 counterfeit Oxycodone pills containing detectable amounts of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled substance.

5. From on or about February 28, 2021 to on or about February 10, 2021, **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK** agreed to distribute approximately 2,500 counterfeit Oxycodone pills containing detectable amounts of fentanyl ((N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), and did distribute counterfeit Oxycodone pills containing detectable amounts of fentanyl ((N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide), a Schedule I controlled Substance, that had been stored premises maintained by **JONATHAN AVILA-SUAREZ,** and **LILLIANA ISABELLA FINCK** to **CHRISTIAN AVILA-SUAREZ** for distribution to **CHRISTIAN AVILA-SUAREZ's** drug customers.

## FIRST FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Indictment, defendants **FRANCISCO GOMEZ-RESENDIZ, JONATHAN AVILA-SUAREZ, JAIME ALVARADO PACHECO (a.k.a. Cocado), APOLINAR PACHECO BUSTOS, ALEJANDRO ROMAN VELASQUEZ AMADOR, LUIS ARTURO BARAHONA RODAS (a.k.a. LUIS ALFREDO BARAHONA RODAS), LUIS DANIEL ARCINIEGA GARCIA (a.k.a. LUIS DANIEL ARCINIEGAS GARCIA), GIOVANNI MARTINEZ FRANCO, MARTIN GUADALUPE SOLIS-ULLOA, LORENA CRUZ RODRIGUEZ, LILLIANA ISABELLA FINCK,** and **ROMAN VELAZQUEZ RODRIGUIEZ** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SECOND FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 2 of this Indictment, defendants **JONATHAN AVILA-SUAREZ, CHRISTIAN AVILA-SUAREZ** and **LILLIANA ISABELLA FINCK,** shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of said defendants up to the value of the

forfeitable property described above.

Dated: April 6th, 2021.

A TRUE BILL.

_____
OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
Acting United States Attorney

_____
PAUL T. MALONEY, OSB #013366
Assistant United States Attorney