Brian Schmonsees, OSB 053726
Law Office of Brian Schmonsees LLC
707 Main Street, Suite #401
Oregon City, Oregon  97045
503-994-8738
Email: oregondefender@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                 )<br>          Plaintiff, )<br>                                 )<br>  vs.                               )<br>                                 )<br>ALEJANDRO VELASQUEZ-AMADOR )<br>                                 )<br>         Defendant. ) | No. 3:21-CR-00077-IM<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

      On August 30, 2022, Mr. Velasquez-Amador will come before this Court for sentencing, having pled guilty on June 6, 2022, to one count of Conspiracy to Possess with Intent to Distribute Controlled Substances, to use a communication facility and to maintain drug involved premises.

      For the reasons set forth below, and for reasons that will be presented at the sentencing hearing, this Court should sentence Mr. Velasquez to a prison term of twenty-four months in the Bureau of Prisons to be followed by five years of supervised release.

1. **Guideline Calculations Under the Plea Agreement and the Pre-Sentence Report**

Under the plea agreement, the parties stipulated to a base offense level 30, prior to adjustments. The parties agree that Mr. Velsquez is not subject to the mandatory minimum sentence of ten years because he is safety valve eligible under 18 USC §3553(a).

The Presentence report (hereinafter "PSR") and the parties agree that the adjusted offense level is 23. The PSR recommends a sentence of 46 months imprisonment with three years of supervised release and a $100 special assessment.

Mr. Velasquez-Amador is a 21-year-old who comes before this Court with a criminal history score of I. The parsimony provision as laid out in in 3553(a) requires this Court to impose a sentence sufficient, but not greater than necessary to achieve a specific set of sentencing purposes.

II. Mr. Velasquez-Amador's conduct

Mr. Velasquez-Amador, acting under the direction of his father, agreed to pick up proceeds of drug transfers and provide them to other members of the

defendant's father's Drug Trafficking Organization. Mr. Velasquez-Amador's role was truly minimal, and his financial benefit was also minimal (less than $1000 earned for acting as his father's mule). Mr. Velasquez-Amador did not directly handle narcotics or even have any specific notions of his father's criminal activity; however he acknowledges knowing the proceeds he was transferring were the proceeds of unlawful activity.

### III. A Sentence of Two Years in custody is Sufficient but Not Greater than Necessary to Achieve the Purposes of the Purposes of Sentencing

The Sentencing Guidelines are advisory only, just one factor among many to be considered by a sentencing court in calculating an appropriate sentence. *United States v Booker,* 543 US 220, 245 (2005); *United States v Sachsemaier,* 491 F.3d 680, 685 (7th Cir. 2007).

As laid out in *Pepper v United States,* 131 S.Ct. 1229 (2011), a sentencing Court must impose a sentence sufficient but not greater than necessary to comply with the sentencing goals of §3553(a)(2). The Court must examine the following: "The nature and circumstances of the offense and the history and characteristics of the defendant; and, the need for the sentence imposed to reflect the seriousness of the offense; promote respect for the law; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and, to provide the educational or vocational training, medical care, or other correctional treatment

1  in the most effective manner." 18 USC §3553(a)(2).

2  *Pepper* emphasized the Court's duty to tailor each sentence to the individual, emphasizing that sentencing courts punish the individual and not the crime. 131 S.Ct at 1240: sentencing is "an art. . . to be performed . . . as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *United State v Harris,* 679 F.3d 1183 (9th Cir. 2012)

Sentencing Mr. Velasquez-Amador to two years in custody would meet the parsimony principle because he would be treated like similarly situated low level participants in DTO's in this district.

### IV. Mr. Velasquez-Amador had no knowledge or control over amount or purity of drugs

In *United States* v. *Chalarca*, 95 F.3d 239, 245 (2d Cir.1996) the court's downward departure was upheld when the court found the defendant had no knowledge of any particular quantity of cocaine and no particular quantity was foreseeable to him in connection with the conspiracy of which he was a member.

As the PSR demonstrates, defendant did assist his father's DTO by having some control over drug proceeds for a temporary amount of time. Mr. Velasquez-Amador accepts responsibility for that conduct and understands his guilt must be acknowledged. However, there is no evidence that defendant was aware of the

amount and scope of the drug transactions or the extent of Mr. Velasquez-Amador's father's DTO.

**V. Summary**

Mr. Velasquez-Amador's minimal participation, acceptance of responsibility, and youth merit a sentence of 24 months in Bureau of Prisons with a term of supervised release of five years. This Court should run the sentence concurrently with his state court sentence on 22CR03417.

///

Respectfully Submitted this 23rd day of August, 2022.

/s/ *Brian Schmonsees*
Attorney for Defendant
OSB # 053726